Dmitry Lapin, Esq., *pro hac vice*
dmitry@axenfeldlaw.com
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
917-979-4570
*Attorneys for Plaintiff Mark A. Johnson*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| Mark A. Johnson<br><br>Plaintiff,<br><br>vs.<br><br>Barber & Associates LLC, and Jeff Barber, individually<br><br>Defendant. | Case No.: 3:24-cv-00214-SLG |

## MOTION FOR COSTS AND ATTORNEYS' FEES

Plaintiff Mark A. Johnson ("Johnson") respectfully submits this memorandum of law in support of his Motion for Costs and Attorneys' Fees, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

This action arises out of Defendant Barber & Associates LLC ("B&A") and Jeff Barber's ("Barber") infringement of Johnson's copyrights to a certain photograph (the "Subject Photograph"). Barber, individually, and on behalf of his law firm B&A, has repeatedly stifled Johnson's efforts to resolve the copyright infringement claims prior to filing this action. The instant motion details Barber's latest efforts, now involving complete disregard of a straightforward rule of civil procedure.

After filing his Complaint for copyright infringement, Johnson served both B&A and Barber Requests for Waiver of Service (the "Requests") pursuant to Fed. R. Civ. P. 4(d)(1). Despite receiving the Requests, both electronically and traditionally in paper form, B&A and Barber each failed to return executed Waivers of Service (the "Waivers") within the required time frame. As a result of Barber's failure to return executed Waivers on behalf of himself or B&A, Johnson was forced to retain a process server to effectuate service. Therefore, the instant motion seeks to recover Johnson's costs in effectuating service, as well as the associated attorneys' fees incurred in preparing, filing, and if necessary, further arguing, this motion.

## II. LEGAL STANDARD

A defendant residing in the United States who receives notice of a lawsuit and a request for waiver of service "**<u>has a duty</u>** to avoid unnecessary costs of serving the summons." Fed.R.Civ.P. 4(d)(2) (emphasis added). The purpose of the rule is to "impose upon defendants those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed. This device is useful in dealing with defendants who are furtive." Fed. R.Civ. Pro. 4 subdivision (d) advisory committee notes (1993). If a defendant receiving such a request refuses to waive service, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." *Id*.

Courts in this Circuit have consistently treated Rule 4(d)(2) as requiring reimbursement of service of process costs, as well as reasonable attorney's fees incurred in filing a Rule 4(d)(2) motion. *See, e.g*., *Evans v. Scribe One Ltd. LLC*, No. CV-19-04339-PHX-DLR, 2020 U.S. Dist. LEXIS 62585, at *4 (D. Ariz. Mar. 16, 2020); *Finato v. Keith Fink & Assocs*., No. CV 16-06713 RGK (AJWx), 2017 U.S. Dist. LEXIS 225555, at *10 (C.D. Cal. May 4, 2017); *Liberty Media Holdings, LLC v. Doe*, No. CV 12-3428-RGK (FMOx), 2012 U.S. Dist. LEXIS 197332, at *10 (C.D. Cal. Aug. 28, 2012).

## III. PROCEDURAL HISTORY

On September 27, 2024, Johnson filed his Complaint for copyright infringement against B&A and Barber. ECF No. 1. On October 17, 2024, Johnson's counsel mailed B&A and Barber, via U.S.P.S. Priority Mail, a copy of the Complaint and accompanying exhibits, as well as the Requests, two copies of the Waiver forms for both B&A and Barber, and a prepaid means for returning the executed Waivers. *See*, ECF Nos. 6 & 7, as well as the Declaration of Dmitry Lapin, Esq., (the "Lapin Decl.") ¶4; **Exhibit A**. On that same day, Johnson's counsel e-mailed a copy of the aforementioned documents to Barber. Lapin Decl., ¶5; **Exhibit B**. U.S.P.S. has confirmed that that the Priority Mail package containing the aforementioned documents was delivered to B&A and Barber on October 21, 2024. *Id.*, ¶6. According to Rule 4(d), and as set forth in the Requests, the deadline to return the executed Waivers was November 16, 2024.

On October 28, 2024, Barber telephoned Johnson's counsel to discuss this matter, including potential settlement. Lapin Decl., ¶8. Johnson's counsel would then communicate with Barber on numerous occasions via e-mail concerning this matter. *Id.* By November 15, 2024, the Waivers were not executed nor returned to Johnson's counsel. *Id.*, ¶9. That same day, Johnson's counsel inquired with Barber as to the status of the Waivers. Barber did not respond to this e-mail, however

would respond to other e-mails. *Id.*, ¶10. As a result, Johnson was forced to retain a local process server in order to effectuate service. *Id.*, ¶11. Personal service on both B&A and Barber was effectuated on December 20, 2024. ECF Nos. 11 & 12. Johnson has incurred a cost of $251.90 to effectuate service, and also $1,610.00 in attorneys' fees thus far incurred in preparing and filing the instant motion. *Id.*, ¶¶12, 15; **Exhibits D & E**.

## IV. ARGUMENT

### a. Defendants, Without Any Cause, Have Failed to Return the Waivers and Should be Ordered to Reimburse Johnson for his Costs and Attorneys' Fees.

Barber, individually, and on behalf of B&A, failed to return executed Waivers. This is part of a clear pattern of conduct to a) unjustifiably brush-off Johnson's infringement claims, b) needlessly delay the process, and/or c) inexcusably cause Johnson to incur added costs and fees. Before filing this action, Johnson, through his agent and two separate attorneys, made multiple attempts to communicate with Barber in an effort to resolve the infringement claims amicably and avoid litigation. Barber, however, dismissed Johnson's claims without providing any factual or legal justification, referring to them as 'bogus' and a 'scam.' Ultimately, Barber stated he was unwilling to resolve the matter and that Johnson would need to file a lawsuit. ECF Nos. 1 & 13, ¶¶30-38. Now, and despite

unquestionably receiving fully compliant Requests, Barber purposefully failed to execute and return the Waivers, make any good faith effort to comply, or otherwise request additional time. Barber, as a licensed attorney, is sufficiently literate in English to read the Waiver and understand the language regarding the consequences of failing to return executed Waivers on behalf of himself or his law firm, B&A. Additionally, Barber is admitted to practice in the District of Alaska, therefore, it is presumed that Barber is familiar with the Federal Rules of Civil Procedure. Lapin Decl., ¶16.

It is respectfully submitted, in view of these circumstances, that Barber's failure to execute and return the Waivers, individually, and on behalf of B&A, necessitates an order for reimbursement of costs and attorneys' fees. Johnson should not be forced to now bear the costs of service and attorneys' fees incurred as a result of Barber's unreasonable failure to act.

b. **Johnson Has Incurred Costs and Attorneys' Fees Thus Far Totaling $1,610.00.**

On December 19, 2024, counsel for Wright retained a process server to effectuate service of process at a cost of $251.90. Lapin Decl., ¶12; **Exhibit D**.[1] In preparing the instant motion, Mr. Lapin expended a total of 4.6 hours at a rate of

[1] In accordance with Local Civil Rule 54.1(a), Johnson intends on also filing a Bill of Costs following entry of the Order granting costs.

$350/hour. *Id.*, ¶15. Attorneys' fees are calculated by employing the "lodestar" method. *Dutchuk v. Yesner*, No. 3:19-cv-0136-HRH, 2021 U.S. Dist. LEXIS 223560, at *5 (D. Alaska Nov. 19, 2021) (internal citations and quotations omitted). Courts determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.*

i. <u>Mr. Lapin spent a reasonable amount of time preparing and filing this motion</u>.

A "reasonable number of hours" is defined as the amount of time that could reasonably be billed to a private client under similar circumstances. *Murray v. Portfolio Recovery Assocs.*, LLC, No. 1:22-CV-01449-KJM-SKO, 2024 U.S. Dist. LEXIS 187344, at *7 (E.D. Cal. Oct. 12, 2024). (internal citations and quotations omitted). Courts within this Circuit and across the United States, have previously found that the amount of time spent in preparing the present motion was reasonable. *See, Finato* at *7 (finding 4.75 hours to be reasonable in researching, drafting, and filing a Rule 4(d)(2) motion); *Hulet v. Cty. of Tuolumne*, No. 1:23-cv-01217-HBK, 2024 U.S. Dist. LEXIS 9651, at *8 (E.D. Cal. Jan. 18, 2024)( holding that 7.25 hours spent in researching and drafting the motion, as well as in drafting the reply in support, to be reasonable); *Butler v. Crosby*, No. 3:04CV917-J-32 MMH, 2005 WL 3970740, at *6 (M.D. Fla. June 24, 2005) (8.7 hours was

reasonable in preparing a motion for costs pursuant Rule 4(d)(2)); *SPE GO Holdings, Inc. v. Anzo*, No. 2:10-CV-00215-WCO, 2012 WL 13018386 at *8-9 (N.D. Ga. Mar. 30, 2012) (9.8 hours was deemed reasonable in preparing a motion for costs pursuant to Rule 4(d)(2).

ii. <u>Mr. Lapin's rate is reasonable under the circumstances</u>

A reasonable hourly rate is based on the prevailing market rate in the forum in which the Court sits. *Hamby v. Walker*, No. 3:14-cv-00089-TMB, 2015 U.S. Dist. LEXIS 49433, at *10 (D. Alaska Apr. 15, 2015) (internal citations omitted). To determine the prevailing market rate, the Court will consider the rates charged for comparable legal work performed by attorneys of similar skill, experience, and reputation. *Id.*

"In recent years, federal and state courts in Alaska have found rates ranging from $275 to $400 per hour to be reasonable for Alaska attorneys, depending on their years of experience and the subject matter." *TD Ameritrade, Inc. v. Matthews*, No. 3:16-cv-00136-SLG, 2022 U.S. Dist. LEXIS 227302, at *7 (D. Alaska Dec. 19, 2022) (collecting cases). According to the 2024 Legal Trends Report published by Clio, the average hourly rate for Alaska attorneys was $300 per hour, across all

levels of experience, practice areas, and firm size.[2]

Mr. Lapin is Senior Litigation Counsel at Axenfeld Law Group, LLC, a boutique law firm, specializing in the protection and enforcement of intellectual property rights. He was admitted to practice law in 2014 and in the over ten years since, has developed an expertise in copyright litigation. He is admitted to practice in New York, New Jersey, Pennsylvania, and Maine, maintains regular admission to over fifteen federal district courts across the United States, and often appears *pro hac vice* in other courts.

It is respectfully submitted that Mr. Lapin's rate of $350 per hour to be reasonable. This is based on his years of experience and expertise in the field. Additionally, the Court has recently found comparable rates, for comparably experienced attorneys, to be reasonable. In awarding fees following a successful motion to compel under Fed. R. Civ. P. 37, Hon. Holland found that a rate of $380 per hour to be reasonable for an attorney with <u>seven years of experience</u>. *Dutchuk* at *2. If the Court has found $380 per hour to be a reasonable rate for an attorney with seven years of experience, then a rate of $350 per hour for Mr. Lapin—who

---

[2] https://www.clio.com/wp-content/uploads/2024/10/NA-2024-Legal-Trends-Report-Full-Publication.pdf (Accessed January 17, 2025)

brings over a decade of experience and expertise—can only be viewed as reasonable.

## V. CONCLUSION

In light of the foregoing, Johnson respectfully requests that the Court enter an Order that Defendants failed to execute and return the Waivers, without a good cause, and that Defendants be ordered to pay Johnson's costs for effectuating service and attorneys' fees in presenting the instant motion, and if necessary, filing any reply in support thereof.

Respectfully submitted,

Date: January 17, 2024

/s/ Dmitry Lapin
Dmitry Lapin, Esq., *pro hac vice*
dmitry@axenfeldlaw.com
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
917-979-4570

*Attorneys for Plaintiff*