Dmitry Lapin, Esq., *pro hac vice*
dmitry@axenfeldlaw.com
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
917-979-4570

*Attorneys for Plaintiff Mark A. Johnson*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| Mark A. Johnson<br><br>Plaintiff,<br><br>vs.<br><br>Barber & Associates LLC, and Jeff Barber, individually<br><br>Defendant. | Case No.: 3:24-cv-00214-SLG |

**DECLARATION OF DMITRY LAPIN IN SUPPORT OF JOHNSON'S MOTION FOR COSTS AND ATTORNEYS' FEES**

I, Dmitry Lapin, declare under penalties of perjury, as follows:

1. I am over the age of 18 and have personal knowledge of the matters stated in this Declaration.

2. I am an attorney with the law firm of Axenfeld Law Group, LLC and represent Plaintiff Mark A. Johnson ("Johnson") in the above referenced action. I make and submit this Declaration in support of Johnson's Motion for Costs and Attorneys' Fees Pursuant to Fed. R. Civ. P. 4(d).

3. On September 27, 2024, I filed the instant copyright infringement action on behalf of Johnson, and against Barber & Associates ("B&A") and Jeff Barber ("Barber").

4. On October 17, 2024, and in connection with this matter, I prepared and mailed the following documents/items to B&A and Barber: (A) Complaint (with accompanying Exhibits), (c) Requests for Waiver Service, (d) four copies of the Waiver of Service form (the "Waivers"), and (e) prepaid postage to return the executed Waivers. The aforementioned were mailed via U.S.P.S. Priority Mail. Annexed hereto as **Exhibit A** is a true and accurate copy of the documents sent to B&A and Barber.

5. On October 17, 2024, I also e-mailed a copy of the aforementioned documents to Barber at jeff@alaskainjury.com. Annexed hereto as **Exhibit B** is a true and accurate copy of the October 17, 2024, e-mail.

6. USPS confirmed that the package containing the aforementioned

documents was received by B&A and Barber on October 21, 2024. Annexed hereto as **Exhibit C** is a true and accurate copy of the delivery confirmation.

7. The executed Waivers were to be returned by November 16, 2024.

8. On October 28, 2024, Barber called my office to discuss this matter, including potential settlement. Thereafter, Barber and I communicated on several occasions via e-mail concerning this matter.

9. By November 15, 2024, my office had not yet received the executed Waivers from Barber. On that day, I e-mailed Barber and inquired into the status of the Waivers.

10. Barber did not respond to that specific email but did reply to a different e-mail regarding this matter on November 15, 2024. Afterwards, there were three e-mails between myself and Barber concerning this matter, with the last being sent by me on December 5, 2024. Each of these e-mails concerned potential settlement of the action.

11. On December 19, 2024, and on behalf of Johnson, I retained a process server to effectuate service of process on B&A and Barber.

12. The cost for the process server's services was $251.90. Annexed hereto as **Exhibit D** is a true and accurate copy of the invoice from Alaska Court

Services.

13. Mr. Lapin is Senior Litigation Counsel at Axenfeld Law Group, LLC, a boutique law firm, specializing in the protection and enforcement of intellectual property rights. He was admitted to practice law in 2014 and in the over ten years since, has developed an expertise in copyright litigation. He is admitted to practice in New York, New Jersey, Pennsylvania, and Maine, maintains regular admission to over fifteen federal district courts across the United States, and often appears *pro hac vice* in other courts.

14. Given my niche experience, my standard rate is $350 per hour. Moreover, Johnson has agreed to this rate in his engagement letter with Axenfeld Law Group, LLC.

15. In preparing the entirety of, and filing the instant motion, I expended a total of 4.6 hours. The vast majority of the time was spent a) researching relevant case law and information concerning prevailing market rates for attorneys' fees, b) drafting and revising the Motion, and c) drafting the instant declaration. The total attorneys' fees thus far incurred in connection with the instant motion amounts to $1,610.00. Annexed hereto as **Exhibit E** is a true and accurate copy of the contemporaneous time records made in connection with the instant motion.

16. In representing Mr. Johnson, I researched whether Barber is admitted to practice in the District of Alaska and discovered that Barber has filed several actions within that jurisdiction, confirming that he is admitted to practice law within this District.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 17th day of January 2025 By: /s/ Dmitry Lapin
Dmitry Lapin