Daniel I. Pace
SANDBERG & PACE, LLC
101 E 9th Ave STE 7A
Anchorage, AK 99501
ph: (907) 222-4003
dan@sandbergpace.com
Attorneys for Defendants & Third-Party Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

MARK A. JOHNSON,

Plaintiff,

vs.

BARBER & ASSOCIATES LLC, and
JEFF BARBER, individually,

Defendants,

BARBER & ASSOCIATES LLC, and
JEFF BARBER, individually,

Third-Party Plaintiffs,

vs.

DOUGLAS SOOLEY d/b/a
CALDIA TECHNOLOGIES,

Third-Party Defendant.

Case No. 3:24-cv-00214-SLG

**DEFENDANTS' PARTIAL OPPOSITION TO MOTION FOR COSTS AND ATTORNEYS' FEES**

The Court should award the plaintiff the $251.90 cost to effectuate service and deny the remainder of plaintiff's Motion for Costs and Attorneys' Fees because Mr. Barber had not been a party in a lawsuit before and had good cause for not taking legal actions with respect to this lawsuit until after retaining an attorney, and he was taking steps to resolve the claims with the plaintiff's counsel. F.R.C.P. 4(d)(2). Also, spending $1,610 in attorney fees to recover a $251.90 cost appears contrary to F.R.C.P. 1 (rules should be construed to secure the just, speedy, and inexpensive determination of every action and proceeding).

The Ninth Circuit has identified that good cause, as it relates to Rule 4, should be determined on a case-by-case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In identifying the presence of excusable neglect, the court may examine four factors: (1) danger of prejudice to the opposing party; (2) length of delay and impact of the delay on the proceedings; (3) the reason for said delay; and (4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1223-24 (9th Cir. 2000)).

The plaintiff sent his letter with the 31-page complaint, 20 pages of exhibits, summons, and the request for waiver of service forms on October 17, 2024. *See* Complaint and Ex. A. Although the defendants are an attorney and a law firm, Mr. Barber was not

familiar with the federal rule for waiving service and was waiting to review all of the materials with retained counsel as he was unsure whether he was able to represent himself in this case. *See* Affidavit of Mr. Barber (Ex. 1). As described by the plaintiff, Mr. Barber engaged in settlement discussions with the plaintiff's counsel and conveyed an offer to resolve the claims on November 15, 2024. *See* email 11.15.24 (Ex. 2). The plaintiff served the defendants through a process server in the following month.

Applying the factors relevant to whether good cause existed for Mr. Barber to avoid taking any legal actions with respect to the lawsuit until he retained counsel, the court should find that good cause exists in this case because the delay was minor and there was very little prejudice to the plaintiff, Mr. Barber was not avoiding the lawsuit but actively attempting to resolve the claims, and he was unfamiliar with the waiver of service process and was simply waiting to review the lawsuit with counsel before taking any other actions. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). His actions are more akin to excusable neglect than any nefarious behavior. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

The claim of $1,610 for 4.6 hours of attorney work performed in order to recover a $251.90 cost demonstrates a form over substance approach to litigation which does not foster efficient resolution of claims.

## CONCLUSION

For the reasons set forth above, the defendants request that the Court grant the plaintiff's request for the $251.90 cost for the process server but deny the request for attorney fees.

DATED at Anchorage, Alaska this 31st day of January 2025.

**SANDBERG & PACE, LLC**
Attorneys for Defendants

*/s/ Daniel I. Pace*
By: Daniel I. Pace
AK Bar No. 1305008

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court of Alaska using the CM/ECF method of the Court, which filing electronically served all counsel of record in the case in compliance with Rule 5.

*/s/Daniel I. Pace*
Daniel I. Pace