IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK A. JOHNSON,<br><br>   Plaintiff,<br> v.<br><br>BARBER & ASSOCIATES LLC, and JEFF BARBER, individually,<br><br>   Defendants.<br><br>BARBER & ASSOCIATES LLC, and JEFF BARBER, individually,<br><br>   Third-Party Plaintiffs,<br> v.<br><br>DOUGLAS SOOLEY d/b/a CALDIA TECHNOLOGIES,<br><br>   Third-Party Defendant. | Case No. 3:24-cv-00214-SLG |

**ORDER ON PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES
AND MOTION TO SEAL**

This order addresses two pending motions.

At Docket 15 is Plaintiff Mark A. Johnson's Motion for Costs and Attorneys' Fees. Defendants Barber & Associates LLC ("B&A") and Jeff Barber (collectively, "Defendants") filed a partial opposition at Docket 19, to which Mr. Johnson replied at Docket 20.

At Docket 21 is Mr. Johnson's Motion to Seal Exhibit 2 to Defendants'

Opposition to the Motion for Attorneys' Fees. Defendants opposed the motion at Docket 24 and Mr. Johnson replied at Docket 25.

## DISCUSSION

### I.    Motion for Costs and Attorneys' Fees

Mr. Johnson filed this action for copyright infringement on September 27, 2024.[1] On October 17, 2024, Mr. Johnson's counsel sent a copy of the Complaint, requests for waiver of service, two copies of waiver of service forms, and a pre-paid return envelope to Defendants via U.S.P.S. Priority Mail.[2] Mr. Johnson's counsel also e-mailed the same documents to Mr. Barber.[3] The Priority Mail waiver package was delivered to B&A and Mr. Barber on October 21, 2024,[4] and the deadline for Defendants to return the executed waivers was November 16, 2024.[5] Before the deadline to return the waivers had passed, Mr. Barber called Mr. Johnson's counsel to discuss this case; Mr. Barber and Mr. Johnson's counsel also communicated via email numerous times, including about the possibility of settlement.[6] On November 15, 2024, Mr. Johnson's counsel asked Mr. Barber via

---

[1] Docket 1.

[2] *See* Docket 6; Docket 7, Docket 15-1 at ¶ 4.

[3] Docket 15-1 at ¶ 5.

[4] Docket 15-1 at ¶ 6.

[5] Docket 15-2 at 3-4; *see* Fed R. Civ. P 4(d)(1)(F).

[6] Docket 15-1 at ¶ 9.

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 2 of 10
Case 3:24-cv-00214-SLG    Document 26    Filed 02/06/25    Page 2 of 10

email about the status of the waivers.[7] Mr. Barber did not respond to this e-mail and did not return a waiver of service on behalf of himself or B&A.[8] Mr. Johnson thereafter retained a process server to effectuate service.[9] Personal service on B&A and Mr. Barber was completed on December 20, 2024.[10] Mr. Johnson now moves to recover the costs of service as well as attorneys' fees incurred in preparing and filing the instant motion and reply brief.[11]

"An individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons."[12] "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of summons."[13] Under Federal Rule of Civil Procedure 4(d)(2):

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United Sates, the court must impose on the defendant: the expenses later incurred in making service; and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.[14]

---

[7] Docket 15-1 at ¶ 10.

[8] Docket 15-1 at ¶ 6.

[9] Docket 15-1 at ¶ 11.

[10] Docket 11; Docket 12.

[11] Docket 15; Docket 20 at 10.

[12] Fed. R. Civ. P. 4(d)(1).

[13] *Id.*

[14] Fed. R. Civ. P. 4(d)(2)(A)-(B).

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 3 of 10
Case 3:24-cv-00214-SLG    Document 26    Filed 02/06/25    Page 3 of 10

The purposes of Rule 4(d) are "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel," and to "impose upon defendants those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed."[15]

The record clearly shows that Defendants failed to comply with the provisions set forth in Rule 4(d), having received notice of the action and requests for waiver of service. Defendants do not dispute that they received the waiver package including the Complaint, summons, and the request for waiver of service, and did not sign and return the waiver of service.[16] However, Mr. Barber submits that he had good cause to not complete the waivers because he "was unfamiliar with the waiver of service rules in federal court and did not review the contents of the defendant's lawsuit packet or the cover letter as carefully as [he] should have . . . because [he] mistakenly believed that [he] was familiar with the relevant rules regarding litigation in federal court."[17] Additionally, Mr. Barber was engaged in settlement discussions with Mr. Johnson when the deadline to complete waiver of service passed.[18] As a result, Mr. Barber contends that Mr. Johnson should only be permitted to recover the cost of effectuating service but not the attorneys' fees

---

[15] Fed. R. Civ. P. 4(d) Advisory Committee's Note to 1993 amendments.

[16] *See* Docket 19-2; Docket 19 at 2-3.

[17] *See* Docket 19-2 at ¶ 4; Docket 19 at 2-3.

[18] Docket 19-1; Docket 19 at 3.

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 4 of 10

Case 3:24-cv-00214-SLG    Document 26    Filed 02/06/25    Page 4 of 10

associated with preparing the instant motion.[19]

Mr. Barber's excuses for not returning the waivers of service do not constitute good cause. While defendants who fail to comply with a request for waiver "shall be given an opportunity to show good cause for the failure, . . . sufficient cause should be rare."[20] Examples of sufficient cause include "if the defendant did not receive the request or was insufficiently literate in English to understand it."[21] These examples amount to lack of actual notice, and do not excuse Mr. Barber—a licensed attorney admitted to practice in the District of Alaska—from compliance with the Federal Rules of Civil Procedure,[22] or from his obligation to read the cover letter, request for waiver of service, and waiver of service forms, each of which spelled out the consequences of the failure to waive service.[23] Nor does good cause exist because Mr. Barber was attempting to resolve the action.[24] The procedural obligations imposed by Rule 4(d) are

---

[19] Docket 19 at 2.

[20] Fed. R. Civ. P. 4(d) Advisory Committee's Note to 1993 amendments.

[21] Fed. R. Civ. P. 4(d) Advisory Committee's Note to 1993 amendments.

[22] *See, e.g., Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986) ("We know of no cases in which counsel's failure to read Rule 4… constitute[d] 'good cause' or 'justifiable excuse.'"); *Allan Fam. Tr. v. City of San Diego*, Case No. 21-CV-2049-JO, 2022 WL 7675275, at *1 (S.D. Cal. Oct. 13, 2022) ("An attorney's mistake or ignorance of the rules . . . does not constitute good cause or excusable neglect.").

[23] *See* Docket 15-2 at 2-4; Docket 5-8.

[24] *See Baxam L. Grp., LLC v. Howard & Howard Att'ys, PLLC*, Case No. 110CV04266ATC866075, 2012 WL 13006244, at *1 (N.D. Ga. Jan. 30, 2012) (rejecting argument that good cause for failing to waive service existed when defendant was attempting to negotiate a settlement).

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 5 of 10
Case 3:24-cv-00214-SLG     Document 26     Filed 02/06/25     Page 5 of 10

independent from the parties' substantive efforts to resolve the dispute.

When a defendant fails to demonstrate good cause for failing to execute and return a waiver of service, the plain language of Rule 4(d)(2) dictates that the court "must impose . . . the expenses later incurred in making service *and* the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."[25] Mr. Barber's contention that the Court should award the cost of service but not attorneys' fees is therefore unavailing.

Mr. Johnson seeks a total of $2,555 in attorneys' fees, plus $251.90 for the cost of private process service on Defendants. Defendants do not dispute that they owe $251.90 for the cost of effectuating service.[26] Accordingly, the Court turns to the reasonableness of the attorney fees requested.

The reasonableness of an attorney fee is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."[27] Counsel for Mr. Johnson, Mr. Lapin, attests that he spent 4.6 hours preparing the motion for costs and attorneys' fees, which, at his hourly rate of $350, totals $1,610.[28] Mr. Lapin attests that he spent an additional 2.7 hours preparing

---

[25] Fed. R. Civ. P. 4(d)(2)(A)-(B) (emphasis added).

[26] Docket 19 at 2; *see also* Docket 15-5 (invoice and receipt for service of process).

[27] *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

[28] Docket 15-1 at ¶¶ 14-15.

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 6 of 10
Case 3:24-cv-00214-SLG   Document 26   Filed 02/06/25   Page 6 of 10

the reply brief, which, at the same hourly rate, totals $945.[29]

The Court finds that 4.6 hours to research, draft and file the instant motion and 2.7 hours to prepare the reply, for a total of 7.3 hours spent on the motion, is a reasonable expenditure of time. Defendants did not object to any time entries in connection with the motion,[30] and courts within this Circuit have found that similar amounts of time are reasonable for preparing Rule 4(d)(2) motions.[31]

A reasonable hourly rate is based on the prevailing market rate in the forum in which the court sits.[32] "In recent years, federal and state courts in Alaska have found rates ranging from $275 to $400 per hour to be reasonable for Alaska attorneys, depending on their years of experience and the subject matter."[33]

The Court find that Mr. Lapin's billing rate of $350 per hour is reasonable based on his decade of experience and expertise in copyright law. Indeed, Defendants do not dispute that this rate is reasonable for an attorney of Mr. Lapin's experience in Alaska. Accordingly, the Court grants Mr. Johnson costs in the

---

[29] Docket 20-1 at ¶¶ 3-5.

[30] *See* Docket 19 at 3.

[31] *Hulet v. Cnty. of Tuolumne*, Case No. 1:23-CV-01217-HBK, 2024 WL 200871, at *3 (E.D. Cal. Jan. 18, 2024) (finding that 7.25 hours spent researching and drafting a Rule 4(d)(2) motion and reply was reasonable); *Finato v. Keith Fink & Assocs.*, Case No. CV1606713RGKAJWX, 2017 WL 10716998, at *4 (C.D. Cal. May 4, 2017) (finding 4.75 hours to be reasonable in researching, drafting, and filing a Rule 4(d)(2) motion).

[32] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

[33] *TD Ameritrade, Inc. v. Matthews*, Case No. 3:16-CV-00136-SLG, 2022 WL 17752138, at *7 (D. Alaska Dec. 19, 2022) (collecting cases).

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 7 of 10

Case 3:24-cv-00214-SLG    Document 26    Filed 02/06/25    Page 7 of 10

amount of $251.90 and attorneys' fees totaling $2,555.

## II. Motion to Seal

In opposing Mr. Johnson's Motion for Costs and Attorneys' Fees, Defendants filed as Exhibit 2 an email exchange containing an offer of settlement.[34] Mr. Johnson moved to seal the exhibit and for expedited consideration of the motion.[35] The Court granted the Motion for Expedited Consideration and directed the Clerk to seal the exhibit pending further order of the Court.[36] The Court now considers whether continued sealing of the exhibit is warranted.

The United States Supreme Court has recognized that as a general rule, the public has a "right to inspect and copy public records and documents, including judicial records and documents."[37] A party seeking to seal filings directly relevant to the merits of a case must articulate compelling reasons supported by specific factual findings that outweigh the strong presumption in favor of public access.[38] However, a different standard applies to public access to documents filed with non-dispositive motions. For these documents, "a particularized showing under the

---

[34] *See* Docket 19-1. For clarity, and consistent with both parties' practice, the Court refers to the relevant exhibit as "Exhibit 2" despite its filing as Docket 19-1. *See* Docket 21 at 2 n.1.

[35] Docket 21; Docket 22.

[36] Docket 23.

[37] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[38] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 8 of 10
Case 3:24-cv-00214-SLG    Document 26    Filed 02/06/25    Page 8 of 10

good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy" of the material.[39]

Mr. Johnson contends that there is good cause to seal Exhibit 2 because it contains an offer of settlement which is confidential in nature.[40] Defendants oppose sealing on the basis that the settlement offer was not being used "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," as prohibited by Federal Rule of Evidence 408.[41]

The Court agrees with Mr. Johnson that good cause exists to seal Exhibit 2 because its disclosure would contravene the well-established policy favoring the confidentiality of settlement discussions.[42] The question presented is not one of admissibility; but Federal Rule of Evidence 408, as relevant here, supports the view that settlement communications should be protected so as to encourage settlement. Public disclosure of Exhibit 2 would not serve any legitimate public interest but would instead risk chilling future settlement negotiations by discouraging parties from engaging in candid discussions. As such, the Court grants the motion to seal.

---

[39] *Id.* at 1180 (internal citations and quotation marks omitted).

[40] Docket 21 at 2.

[41] Docket 24 at 1-2.

[42] *See Martinez v. Navarro,* Case No. 119CV00378JLTGSAPC, 2023 WL 2818075, at *2 (E.D. Cal. Mar. 23, 2023) (granting motion to seal settlement offer attached to non-dispositive motion).

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 9 of 10

Case 3:24-cv-00214-SLG   Document 26   Filed 02/06/25   Page 9 of 10

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for Costs and Attorneys' Fees is GRANTED. Specifically, the Court grants Plaintiff attorney's fees in the amount of $2,555, and costs in the amount of $251.90, payable from Defendants. Plaintiff's Motion to Seal Exhibit 2 to Defendants' Opposition to the Motion for Attorneys' Fees is also GRANTED. The exhibit at Docket 19-1 shall remain under seal.

DATED this 6th day of February, 2025, at Anchorage, Alaska.

<i>/s/ Sharon L. Gleason</i><br>
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00214-SLG, *Johnson v. Barber & Associates LLC et al.*
Order on Motion for Costs and Attorneys' Fees and Motion to Seal
Page 10 of 10
Case 3:24-cv-00214-SLG    Document 26    Filed 02/06/25    Page 10 of 10